IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASEAN MALONE,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT BARRY SMITH,** *et al.* | : | **No. 19-2800** |
| Respondents. | : | |

**MOTION FOR LEAVE TO FILE BRIEF FOR AMICUS CURIAE
PENNSYLVANIA DISTRICT ATTORNEYS ASSOCIATION**

The Pennsylvania District Attorneys Association (PDAA), through its attorneys, Kevin R. Steele, President, and Kelly Wear, Assistant District Attorney, respectfully represents as follows:

1. Petitioner is a state prisoner seeking federal habeas relief.

2. In 2021, the Third Circuit remanded petitioner's case to give this Court an opportunity to consider petitioner's forthcoming motion to amend his habeas petition. Malone v. Superintendent Houtzdale SCI, 2021 WL 8323790 (3d Cir. 2021).

3. Petitioner subsequently filed two motions to amend his habeas petition (ECF No. 47, 53). The Commonwealth summarily consented to the amendments (ECF No. 54-55).

4. This Court then requested briefing from the parties on four procedural questions at issue in the case. This Court also invited the PDAA to file a brief as amicus curiae (ECF No. 58).

5. "A district court has inherent authority to designate amici curiae to assist it in a proceeding." Liberty Resources, Inc. v. Philadelphia Housing Authority, 395 F.Supp.2d 206, 209 (E.D. Pa. 2005); accord Avellino v. Herron, 991 F.Supp. 730, 732 (E.D. Pa. 1998). Amicus curiae status is generally granted when: (1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered

information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Id.

6. The PDAA represents the interests of its member District Attorneys in the various counties in the Commonwealth of Pennsylvania. The Philadelphia District Attorney's Office, who represents respondents, is not a member of the PDAA. This Court's review of whether a petitioner can amend a habeas petition that has already been considered and dismissed is of special interest to the PDAA.

7. Since respondents consented to petitioner's proposed amendments without discussing whether an amendment is procedurally proper, the PDAA agrees with this Court that some "adversarial briefing" would be useful (ECF No. 58, 3). For that reason, the PDAA seeks leave to file the forthcoming brief, addressing the four questions posed by this Court.

WHEREFORE, the Pennsylvania District Attorneys Association requests leave to file the forthcoming brief for amicus curiae.

Respectfully submitted,

*Kelly Wear*
KELLY WEAR
*Assistant District Attorney*
Delaware County District Attorney's Office


KEVIN R. STEELE
*President*
Pennsylvania District Attorneys Association

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASEAN MALONE,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT BARRY SMITH**, *et al.* | : | **No. 19-2800** |
| Respondents. | : | |

### CERTIFICATE OF SERVICE

I, KELLY WEAR, counsel for amicus curiae, hereby certify that on January 20, 2023, a copy of the foregoing was served electronically via this Court's electronic filing system on petitioner's counsel, Michael Wiseman, Esquire, and respondents' counsel, Jaclyn M. Mason, Esquire.

Respectfully submitted,

*Kelly Wear*
KELLY WEAR
*Assistant District Attorney*
Delaware County District Attorney's Office