IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Rasean Malone**, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **Barry Smith**, et al., | : | No. 19-2800 |
| Respondents. | : | |

**RESPONSE TO THE COURT'S NOVEMBER 16, 2022 ORDER**

Pursuant to the Court's November 16, 2022 order, ECF No. 58, requesting supplemental briefing on four issues related to Petitioner Rasean Malone's motions to amend his habeas petition, ECF Nos. 47, 53, Respondents respectfully submit the following:

**Background**

Malone filed a *pro se* habeas petition and a counseled amended habeas petition. ECF Nos. 1, 10. Respondents opposed the petition. ECF No. 22. On April 6, 2021, this Court adopted the Magistrate's Judge report and recommendation that Malone's habeas petition be denied. ECF Nos. 30, 31. Malone appealed. ECF No. 32. He retained his current counsel shortly thereafter.

While reviewing Malone's file from his former counsel, his current counsel discovered, among other things, the factual basis for new claims of ineffective assistance of counsel. ECF No. 47 at 7. The parties agreed to engage in open-file discovery.

In the Third Circuit, No. 21-1888, Malone filed two motions to dismiss his appeal without prejudice and remand the proceedings to the District Court so that he could file a motion to amend his habeas petition and raise newly-discovered claims. Respondents did not oppose. Malone's motions were granted and this Court was directed to reopen his habeas proceedings. ECF No. 38. This Court was tasked with considering "whether to grant Malone's forthcoming motion to amend . . . ." *Id.* The Third Circuit held that the result of its ruling "render[ed] the District Court's April 6, 2021 order interlocutory, such that it can be reviewed on appeal from any newly entered final judgment." *Id.* (citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008)).

On remand, the parties' request to stay the habeas proceedings pending the completion of discovery was granted. ECF No. 46. While engaging in discovery, Malone filed two motions to amend his habeas petition. ECF Nos. 47, 53. Respondents did not oppose. ECF Nos. 54, 55 (citing Fed. R. Civ. P. 15(a)(2)). Malone's motions to amend are pending.

This Court issued an order on November 16, 2022, directing the parties to submit supplemental briefing in response to the following questions:

1. On the current record, including the Third Circuit's Order dated November 3, 2021 (ECF No. 38), is this Court's Order dated April 6, 2021, a final judgment or an interlocutory order;

2. Related to the previous question, does Federal Rule of Civil Procedure 15 apply to the motions to amend, or does the Petitioner have to satisfy Federal Rule of Civil Procedure 60;

3. If Rule 60 applies, then has the Petitioner met his burden; and

4. If Rule 15 applies, then are the Petitioner's amendments futile, in light of the AEDPA's limits on successive petitions or its one-year statute of limitations.

ECF No. 58 at 1.

**Discussion**

Respondents address each of the Court's questions in turn.

**1. This Court's April 6, 2021 order is interlocutory.**

In its mandate, the Third Circuit held that its decision permitting Malone to dismiss his appeal without prejudice and remand for leave to amend rendered this Court's April 6, 2021 order interlocutory. ECF No. 38. Under the mandate rule, a species of the law of the case doctrine, "a trial court must comply strictly with the mandate directed to it by the reviewing court." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 n.13 (3d Cir. 2004) (quoting *Ratay v. Lincoln Nat. Life Ins. Co.*, 405 F.2d 286, 288 (3d Cir. 1968)). The appellate court's mandate is the law of the case, and is, therefore, controlling. *See Clark v. Coupe*, 55 F.4th 167, 176 (3d Cir. 2022) ("relitigation of issues previously determined in the same litigation is controlled by principles of the law of the case doctrine"); *United States v. Reyes-Romero*, 959 F.3d 80, 93 (3d Cir. 2020) (same, in a habeas case); *Hull v. Freeman*, 991 F.2d 86, 90 (3d Cir. 1993). The Third Circuit expressly held that this Court's April 6, 2021 order is interlocutory and it must be treated as such in compliance with the mandate rule. *Cf. Skretvedt*, 372 F.2d at 203 n.13 (district court may

only consider "issues not expressly . . . disposed of" by the appellate court) (citation omitted).

### 2. Federal Rule of Civil Procedure 15 applies to Malone's motions to amend.

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus petitions. *Riley v. Taylor*, 62 F.3d 86, 89 (3d Cir. 1995); *see also* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (quotation omitted).

Rule 15(a) applies to Malone's motions to amend his habeas petition. He already filed one amendment as a matter of course, as permitted by the rule. Now, in order to amend, Malone needs leave of court or Respondents' consent. Respondents have consented to both proposed amendments under Rule 15(a)(2), without taking a position on the underlying merits of the claims. ECF Nos. 54, 55. The Court may grant Malone's motions for leave to amend on that basis. *See, e.g.*, *Jones v. Dist. Attorney of the Cnty. of Phila.*, Civ. No. 19-1685 (E.D. Pa. Nov. 23, 2022) (order granting motion for leave to amend habeas petition where Respondents' consent was limited to Rule 15(a)(2), ECF No. 63). As

4

discussed below, Malone need not satisfy the requirements of Federal Rule of Civil Procedure 60.

### 3. Federal Rule of Civil Procedure 60 does not apply to Malone's motions to amend.

Federal Rule of Civil Procedure 60 sets forth grounds for relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Because this Court's April 6, 2021 order is interlocutory, Rule 60 does not apply to Malone's motions to amend.

### 4. Petitioner's amendments are not futile in light of the AEDPA's limits on successive petitions or its one-year statute of limitations.

A district court has the discretion to deny a request for leave to amend "if it is apparent from the record that . . . amendment would be futile." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). In assessing futility, "the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)," *id.* (citation omitted), that is, the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

#### a. Second or successive petitions

AEDPA generally requires that claims presented in a second or successive habeas petition be dismissed. 28 U.S.C. § 2244(b)(1). However, AEPDA "does not define what

5

constitutes a 'second or successive' petition." *United States v. Santarelli*, 929 F.3d 95, 103 (3d Cir. 2019). A habeas petition is not second or successive "simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (quotation omitted). Rather, a habeas petition is second or successive if it is filed after "the petitioner has expended 'the one full opportunity to seek collateral review' that AEDPA ensures." *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011) (quoting *Urinyi v. United States*, 607 F.3d 318, 320 (2d Cir. 2010)). Accordingly, the Third Circuit has held that "a subsequent habeas petition is not 'second or successive' under AEDPA when a petitioner files such a petition prior to her exhaustion of appellate remedies with respect to the denial of her initial habeas petition . . . ." *Santarelli*, 929 F.3d at 104.

Malone has not exhausted his appellate remedies in this case. He moved to dismiss his appeal without prejudice and to remand to this Court to amend his habeas petition. The Third Circuit granted his motions, dismissed his appeal without prejudice, and stated that it would not retain jurisdiction. ECF No. 38. Further, the Third Circuit expressly held that, because this Court's April 6, 2021 order was interlocutory, it could "be reviewed on appeal from any newly entered final judgment." *Id.* Therefore, appellate remedies remain available to Malone. Pursuant to the holding of *Santarelli*, Malone's amended habeas petition would not be considered second or successive because it was filed before exhaustion of his appellate remedies. 929 F.3d at 104.

### b. One-year statute of limitations

A one-year period of limitation applies to a habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period "shall run" from, among other dates, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D).

Malone moved to amend his habeas petition to bring (1) ineffective assistance of counsel claims and (2) claims based on purported violations of *Brady v. Maryland*, 373 U.S. 83 (1963). He avers that he discovered the factual basis for the ineffective assistance of counsel claims on July 10, 2021, and they were raised in the Third Circuit as part of his first motion to dismiss and remand filed on July 14, 2021. ECF No. 47 at 7. Malone then filed his first motion to amend in this Court on July 7, 2022. On its face, Malone's averments as to the filing of his first amended habeas petition, accepted as true, are sufficient to allege that it was timely filed within one year of when he discovered the factual predicate of the ineffective assistance claims.

Malone avers that he discovered the factual predicate for his alleged *Brady* claims on March 10, 2022, when he received the homicide file from Respondents. ECF No. 50 at 7. He filed his second motion to amend in this Court on September 7, 2022. The Third Circuit has held that "a habeas petitioner's *Brady* claim is timely under § 2244(d)(1)(D) so long as it is filed within one year of the date on which the petitioner has reason to believe that the prosecution may have violated its duty of disclosure." *Bracey*, 986 F.3d at 293.

Malone's averments as to the filing of his second amended habeas petition, accepted as true, are sufficient to allege that it was timely filed within one year of when he had reason to believe Respondents may have violated their duty of disclosure—that is, when he obtained open-file discovery and discovered the factual predicate of the alleged *Brady* claims.

**Conclusion**

The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Thomas*, 221 F.3d at 436. And prosecutors have a "special duty to seek justice." *Connick v. Thompson*, 563 U.S. 51, 65–66 (2011); *see also Dennis v. Secretary, Pa. Dept. of Corrs.*, 834 F.3d 263, 290 (3d Cir. 2016) (en banc) (A prosecutor's "interest 'in a criminal prosecution is not that he shall win a case, but that justice shall be done.'") (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)); see also Explanatory Comment 1, Pa. R. Prof. Conduct 3.8 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate").

\* \* \*

At this preliminary stage of Malone's habeas proceedings, Respondents take no position on the strength of Malone's claims and preserve all available defenses. Respondents consented to Malone's motions because they believe the interests of justice are best served by permitting Malone to amend so that the parties can litigate his claims on the merits.

Respectfully submitted,

*/s/ Jaclyn Mason*
JACLYN MASON
Assistant District Attorney
Federal Litigation Unit

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Rasean Malone**, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **Barry Smith**, et al., | : | No. 19-2800 |
| Respondents. | : | |

### CERTIFICATE OF SERVICE

I certify that on January 20, 2023, a copy of this response was served on Petitioner's counsel via this Court's CM/ECF electronic filing system.


*/s/ Jaclyn Mason*
JACLYN MASON