**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RASEAN MALONE,** | |
| *Petitioner*, | **Case No. 2:19-cv-02800-JDW** |
| v. | |
| **SUPERINTENDENT BARRY SMITH, et al.,** | |
| *Respondents.* | |

## MEMORANDUM

Rasean Malone filed an unsuccessful habeas petition challenging his murder conviction. Now he wants a do-over, seeking to amend his petition to raise several new issues. The Philadelphia District Attorney's Office supports him in that effort, even though it is nominally his opposing counsel. Although no one says so, I presume the reason that Mr. Malone wants to amend in this case, rather than filing a new petition, is because Congress has limited the circumstances in which state prisoners can file a second habeas petition. But when courts issue final judgments, that presumptively ends the case. If it didn't, nothing would ever get done because litigants and courts would bog down in endless reexaminations. I issued a final judgment in Mr. Malone's case, and his requests to amend his petition don't change that fact. I will deny his motions to amend, but I'll give him a chance to appeal my ruling.

## I.    BACKGROUND

### A.    State Court Conviction

In 2015 a jury in the Philadelphia Court of Common Pleas convicted Mr. Malone of second-degree murder, criminal conspiracy, robbery, carrying a firearm on public streets, possession of an instrument of crime, and attempted murder. The Common Pleas Court sentenced Mr. Malone to life in prison without the possibility of parole. He pursued post-conviction relief in the Pennsylvania state courts but was unsuccessful.

### B.    Initial Habeas Petition

On June 26, 2019, Mr. Malone filed a *pro se* petition for *habeas corpus* in this Court pursuant to 28 U.S.C. § 2254. His petition asserted eight grounds for review: seven alleged instances of ineffective assistance of counsel and one claim of insufficient evidence. On August 7, 2019, Terry Himebaugh noticed her appearance on Mr. Malone's behalf and moved to file an amended petition. I granted leave to amend and referred the matter to Magistrate Judge Hey for a Report and Recommendation ("R&R"). Mr. Malone, through counsel, filed an amended petition several months later. The Respondents, represented by the Philadelphia District Attorney's Office ("PDAO"), opposed the petition. Judge Hey recommended that I deny the petition in her R&R. Mr. Malone, through counsel, filed objections to Judge Hey's R&R. Respondents responded through the PDAO. On April 6, 2021, I overruled the objections, adopted Judge Hey's R&R, and denied Mr. Malone's petition. Mr. Malone appealed.

On appeal, Mr. Malone secured new counsel. Through this new counsel, Mr. Malone filed a motion to dismiss his appeal because he wanted to present to me two new claims of ineffective assistance of counsel. Mr. Malone then filed a supplemental motion to dismiss the appeal to present to me new claims related to previously undisclosed evidence of *Brady* and *Napue* violations. The Third Circuit granted Mr. Malone's motions, dismissed the appeal, and remanded the case to me. It directed me to reopen proceedings to "consider, in the first instance, whether to grant [Mr.] Malone's forthcoming motion to amend his habeas petition and, if it denies the motion, whether to issue a certificate of appealability regarding that ruling."" (ECF No. 38 at 2.) In its Order, the Circuit explained that the Parties' agreement to dismiss the appeal and have the case remanded "render[ed] the District Court's April 6, 2021 order interlocutory, such that it can be reviewed on appeal from any newly entered final judgment." *Id.* (citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008)).

### C. Motions To Amend

On remand, Mr. Malone filed two motions to amend his habeas petition. Although the PDAO had fought him throughout the initial petition, it had a change of heart and consented to the motions. It's not clear why. The first motion seeks to include two new claims of ineffective assistance of counsel and one claim that the prosecution illegally suppressed testimony, and elicited false testimony, concerning favorable treatment given to a key witness in consideration for his cooperation in Mr. Malone's prosecution. The

second motion seeks to add a claim that the Commonwealth illegally suppressed evidence of an alternative suspect.

Cognizant of the jurisdictional rules regarding second and successive habeas petitions, I solicited further briefing on the motions, focusing on four procedural questions: 1) is the Order of April 6, 2021, a final judgment; 2) does Federal Rule of Civil Procedure 15 apply to Mr. Malone's motions, or does Rule 60 apply; 3) if Rule 60 applies, then has Mr. Malone met his burden; and 4) if Rule 15 applies, then are the amendments futile in light of the AEDPA's limits on successive petitions or its one-year statute of limitations.

These questions highlight the challenging procedural issues this case posed. Unfortunately, because the PDAO elected to side with Mr. Malone, I faced the prospect of tackling these issues without an opposing viewpoint. Because our adversarial system works best when someone presents both sides, I solicited the Pennsylvania District Attorneys' Association to file an *amicus* brief if it had a view different from Mr. Malone and his newfound friends at the PDAO. It did, and with the benefit of full briefing, I now decide the Motions.

## II.    DISCUSSION

### A.    Final Judgment

"A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *State Nat'l Ins. Co. v. Cnty. of*

*Camden*, 824 F.3d 399, 408 (3d Cir. 2016) (quoting *Riley v. Kennedy*, 553 U.S. 406, 419,

(2008)). In the habeas context, a final judgment must "'either deny the petition or order

the prisoner released at a specified time.'" *Prellwitz v. Sisto*, 657 F.3d 1035, 1037 (9th Cir.

2011) (quoting *U.S. ex rel. Burton v. Greer*, 643 F.2d 466, 469 (7th Cir.1981)) (cleaned up);

*cf. Christy v. Horn*, 115 F.3d 201, 203 (3d Cir. 1997) (stay order was interlocutory because

it did not dispose of any issue raised in the habeas petition). The Ninth Circuit's reasoning

in *Prellwitz* persuades me. The point of a habeas petition is to obtain the petitioner's

release, so when an order denies that release (or grants it), that order is a final judgment.

My Order of April 6, 2021, was a final judgment. The Order denied Mr. Malone's

petition and left nothing to do but return the record to state court. In fact, that's why the

Third Circuit had jurisdiction over Mr. Malone's appeal. *See* 28 U.S.C. §1291. And the Order

continues to be a final judgment. The Third Circuit's remand did not reverse the Order,

vacate it, or otherwise disturb it. It remains in force and it has the effect of resolving Mr.

Malone's claims. Mr. Malone's motions to amend his petition do not change that fact

because they don't change the legal effect of the Order that I issued.

Given this backdrop, the Circuit's description of my Order as "interlocutory" is best

understood as a reservation of its review of my Order, rather than the effect of my Order.

The Third Circuit's citation to *Pineda* reinforces that conclusion. That decision discusses

the merger rule that permits appellate jurisdiction over both interlocutory and final orders

after an appeal of a final order. Thus, I conclude that the Third Circuit's reference to my

Order as "interlocutory" without vacating my Order just reserved the Circuit's review of the case until after I consider Mr. Malone's motions to amend, but it did not change the legal effect of my Order.

**B.    Amendment**

The Third Circuit has noted that the "liberal standard [for amended pleadings] announced in Fed. R. Civ. Proc. 15(a) becomes less flexible after a final judgment is entered." *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001). In fact, the "presumption in favor of liberality in granting motions to amend … is reversed after judgment has been entered." *First Nat. Bank v. Continental Ill. Nat. Bank*, 933 F.2d 466, 468 (7th Cir. 1991).[1] This rule makes sense, given federal courts' strong interest in the finality of judgments. *See, e.g., Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (describing the "sanctity of final judgments" (citation omitted)). Although I have not found a Third Circuit case addressing this issue in the context of a habeas petition, the Ninth Circuit has held that Rule 15 does not apply to a motion to amend a habeas petition after a final judgment. *See Balbuena v. Sullivan*, 980 F.3d 619 (9th Cir. 2020).[2]

---

[1] The Third Circuit quoted this language from the Seventh Circuit in a parenthetical in *Werner. See Werner*, 267 F.3d at 296.

[2] In *Balbuena*, the Ninth Circuit noted that the law in that Circuit differs from the Third Circuit with respect to when a subsequent habeas petition is second or successive. *See Balbuena*, 980 F.3d at 637. But that difference does not bear on the question of whether Rule 15 applies to a request to modify a final judgment.

6

Because my Order of April 6, 2021, is a final judgment, it's possible that Mr. Malone could invoke Rule 60 to seek relief. But the standards under Rule 60 are very different than they are under Rule 15. And although Rule 15 permits amendments with the consent of an opposing party, Rule 60 does not have similar language. Mr. Malone did not file his motions under Rule 60. I raised the issue *sua sponte* and invited Mr. Malone (and *amici*) to address Rule 60, but Mr. Malone and the PDAO declined to address Rule 60 in their supplemental briefs, even in the alternative. (*See* ECF No. 65 at 5, ECF No. 66 at 5.) Because Mr. Malone has declined to invoke Rule 60, I don't need to decide whether Rule 60 would permit an amendment. *See Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (3d Cir. 2012) (parties have to live with their strategic choices in litigation).

### C.      Certificate Of Appealability

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must "show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). The certificate must indicate which issues satisfy this specific showing. *See* 28 U.S.C. § 2253. "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and the jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In my Order denying Mr. Malone's amended petition in April 2021, I declined to issue a certificate of appealability. The Third Circuit did not have an opportunity to reach that issue before Mr. Malone sought to dismiss his appeal. And Mr. Malone has not given me any reason to revisit that decision. So, I will not issue a certificate of appealability on my initial decision.

I do conclude that reasonable jurists could debate my interpretation of the Third Circuit's directive and conclusion that Rule 15 does not apply because my Order remains a final judgment. In addition, at first blush and with the benefit only of Mr. Malone's counseled petition, it appears that Mr. Malone has raised a debatable claim of a denial of a constitutional right with respect to the suppression of evidence about other potential suspects. To be clear, I have not determined that that claim has facial merit, let alone is meritorious. It could prove to be the case that there was no violation or that any violation was harmless. I'm only deciding that, for purposes of determining whether to issue a certificate of appealability on a proposed amendment that I'm not allowing, a reasonable jurist could debate whether Mr. Malone has stated a claim. Therefore, I will issue a certificate of appealability as to my conclusion that Rule 15 does not apply and that Mr. Malone therefore cannot amend his petitions.

### III.     CONCLUSION

Mr. Malone cannot raise his new issues in this case. If he wants to proceed, he will have to file a new petition, and address whatever procedural hurdles that might present. I will deny his motions but give him an opportunity to test my procedural ruling on appeal. An appropriate Order follows.

**BY THE COURT**:

_/s/ Joshua D. Wolson_
JOSHUA D. WOLSON, J.

March 3, 2023